**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JAMES R. BERGMANN, Trustee Under Agreement dated the 21st day of November, 1996, For the Benefit of James R. Bergmann<br>722 Contees Wharf Road<br>Edgewater, MD 21037 | *<br><br>*<br><br>*<br><br>* |
| and | |
| | * |
| FERDINAND H. BERGMANN<br>724 Contees Wharf Road<br>Edgewater, MD 21037 | *<br><br>* |
| and | |
| | * |
| CARL K. BERGMANN and<br>LUCY A. BERGMANN<br>726 Contees Wharf Road<br>Edgewater, MD 21037 | *<br><br>* |
| and | * |
| EVERETT A. BERGMANN, JR.,<br>GEORGE RIGGIN,<br>CARL K. BERGMANN,<br>LAWRENCE E. LAUBSCHER, JR.,<br>MINETTE PRIGG MCCULLOUGH,<br>GEORGE BLAKE,<br>JOSEPH TIMOTHY COOK, and<br>JAMES R. BERGMANN<br>Contees Wharf Road<br>Edgewater, MD 210374 | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* |
| and | |
| | * |
| EAB COTTAGE LLC<br>740 Contees Wharf Road<br>Edgewater, MD 21037 | *<br><br>* |
| and | |
| | * |
| GEORGE BLAKE, Trustee<br>For GP Marital Trust | * |

1

742 Contees Wharf Road
Edgewater, MD 21037                                  *

and                                                  *

TIMOTHY TAYLOR PRIGG,                                *
AMANDA PRIGG BOLGIANO,
MINETTE MCCULLOUGH BLANDON,                          *
and CHARLES WILLIAM MCCULLOUGH,
as Trustees of the Minette Anna Prigg                *
Family Trust
734 Contees Wharf Road                               *
Edgewater, MD 21037
                                                     *

and
                                                     *

WILLIAM PAUL BRANDON FRAZIER,
JUDY LANE,                                           *
KYRA COOK,
CAROL MCGREER,                                       *
TIFFANY MARTIN, and
KIERSTEN MCGREER                                     *
728 Contees Wharf Road
Edgewater, MD 21037                                  *

and                                                  *

LAWRENCE E. LAUBSCHER, Trustee                       *
of the Oberndoerfer Cottage Revocable Trust
720 Contees Wharf Road                               *
Edgewater, MD 21037
                                                     *

and
                                                     *

EVERETT A. BERGMANN,
GEORGE PEARSON BERGMANN,                             *
MINETTE ANN MCCULLOUGH,
WILLIAM B. PRIGG, JR.,                               *
CARL B. PRIGG,
HELENA C. TRAVERS,                                   *
WILLIAM T. COOK,
JOESPH P. COOK,                                      *
JUNE O. LAUBSCHER,
LOUISE W. BERGMANN,                                  *
FERDINAND H. BERGMANN,
HARRY P. BERGMANN, and                               *

| | |
|---|---|
| WILLIAM F. BERGMANN<br>Contees Wharf Road<br>Edgewater, MD 21037 | * |
| | * |
|      Plaintiffs, | |
| | * |
| v. | |
| | * |
| THE SMITHSONIAN INSTITUTION, an<br>independent trust instrumentality of the<br>United States<br>647 Contees Wharf Road<br>Edgewater, MD 21037 | * |
| | * |
| | * |
| | * |
|  Serve On:<br> Robert K. Hur, U.S. Attorney<br> United State Attorney's Office<br> District of Maryland<br> 36 S. Charles Street, 4th Floor<br> Baltimore, MD 21201 | * |
| | * |
| | * |
| and | * |
| ANNE ARUNDEL COUNTY,<br>MARYLAND<br>2660 Riva Road<br>Annapolis, MD 21401 | * |
| | * |
| | * |
|  Serve On:<br> Gregory J. Swain, County Attorney<br> 2660 Riva Road, 4th Floor<br> Annapolis, MD 21401 | * |
| | * |
|      Defendants. | * |

\*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW, the Plaintiffs, as defined below, by and through counsel, Kevin M. Tracy, Esq., Gregory R. Hislop, Esq., and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., and file this Complaint for Declaratory Judgment. In support, Plaintiffs state the following.

3

## PARTIES

1. Plaintiff James R. Bergmann, Trustee Under Agreement dated the 21st day of November, 1996, For the Benefit of James R. Bergmann is the fee simple title owner of the real property located on Contees Wharf Road, Edgewater, Maryland 21037 at Tax Map 0060, Parcel 0130, Lot 5A, Tax Account No. 01-000-00564250 (hereinafter "Parcel 130").

2. Plaintiff Ferdinand H. Bergmann is the fee simple title owner of the real property located on Contees Wharf Road, Edgewater, Maryland 21037 at Tax Map 0060, Parcel 0131, Lot 5B, Tax Account No. 01-000-00561400 (hereinafter "Parcel 131").

3. Plaintiffs Carl K. Bergmann and Lucy A. Bergmann are the fee simple title owners of the real property located on Contees Wharf Road, Edgewater, Maryland 21037 at Tax Map 0060, Parcel 0132, Lot 5C, Tax Account No. 01-000-00564260 (hereinafter "Parcel 132"),

4. Plaintiffs Everett A. Bergmann, Jr., George Riggin, Carl K. Bergmann, Lawrence E. Laubscher, Jr., Minette Prigg McCullough, George Blake, Joseph Timothy Cook, and James R. Bergmann are trustees who are the fee simple title owners of the real property located on Contees Wharf Road, Edgewater, Maryland 21037 at Tax Map 0060, Parcel 0133, Lot 5D, Tax Account No. 01-000-06631800 (hereinafter "Parcel 133") and the real property located on Contees Wharf Road, Edgewater, Maryland 21037 at Tax Map 0060, Parcel 0364, Lot 2C, Tax Account No. 01-000-00562750 (hereinafter "Parcel 364").

5. Plaintiff EAB Cottage, LLC is the fee simple title owner of the real property located on Contees Wharf Road, Edgewater, Maryland 21037 at Tax Map 0060, Parcel 0134, Lot 2B, Tax Account No. 01-000-00560000 (hereinafter "Parcel 134").

6. Plaintiff GP Marital Trust, as the ultimate successor in ownership from George Pearson Bergmann, is the fee simple title owner of the real property located on Contees Wharf

Road, Edgewater, Maryland 21037 at Tax Map 0060, Parcel 0135, Lot 2A, Tax Account No. 01-000-00562800 (hereinafter "Parcel 135").

7. Plaintiffs Timothy Taylor Prigg, Amanda Prigg Bolgiano, Minette McCullough Blandon, and Charles William McCullough are Trustees of the Minette Anna Prigg Family Trust which trust is the fee simple title owner of the real property located on Contees Wharf Road, Edgewater, Maryland 21037 at Tax Map 0060, Parcel 0136, Lot 1, Block 1, Tax Account No. 01-000-06630400 (hereinafter "Parcel 136").

8. Plaintiffs William Paul Brandon Frazier, Judy Lane, Kyra Cook, Carol McGreer, Tiffany Martin, and Kiersten McGreer are the fee simple title owners of the real property located on Contees Wharf Road, Edgewater, Maryland 21037 at Tax Map 0060, Parcel 0137, Lot 3, Tax Account No. 01-000-01667500 (hereinafter "Parcel 137").

9. Plaintiff Lawrence E. Laubscher is the Trustee of the Oberndoerfer Cottage Revocable Trust, which is trust the fee simple title owner of the real property located on Contees Wharf Road, Edgewater, Maryland 21037 at Tax Map 0060, Parcel 0138, Lot 4, Tax Account No. 01-000-04613700 (hereinafter "Parcel 138")

10. Plaintiffs Everett A. Bergmann, George Pearson Bergmann, Minette Ann McCullough, William B. Prigg, Jr., Carl B. Prigg, Helena C. Travers, William T. Cook, Joseph P. Cook, June O. Laubscher, Louise W. Bergmann, Ferdinand H. Bergmann, Harry P. Bergmann, and William F. Bergmann are the fee simple title owners of the real property located on Contees Wharf Road, Edgewater, Maryland 21037 at Tax Map 0060, Parcel 0198, Tax Account No. 01-000-00560100 (hereinafter "Parcel 198").

11. Defendant Smithsonian Institution (hereinafter "Smithsonian") is an independent trust instrumentality of the United States of America which owns the real property commonly

5

referred to as 460 Contees Wharf Road, Edgewater, Maryland 21037, Tax Map 0060, Parcel 0415, Tax Account No. 01-000-03798200 (hereinafter "Parcel 415").

12. Defendant Anne Arundel County, Maryland is a body corporate and politic, formed pursuant to the laws of the State of Maryland and the Charter of Anne Arundel County, Maryland (hereinafter "Anne Arundel County").

## JURISDICTION

13. This Court possesses personal and subject matter jurisdiction over Defendants under 28 U.S.C.A. § 2409a, as the Smithsonian is a wholly owned trust instrumentality of the United States, and the real property subject to this dispute is located in Anne Arundel County in the State of Maryland.

## STATEMENT OF FACTS

14. Plaintiffs in this matter are the owners of certain parcels of real property located on or in the vicinity of the shoreline of the Rhode River, to the north of the right of way line of Contees Wharf Road in Edgewater, Maryland, known as Tax Parcels 130-138, 198, and 364 on the Tax Map of Anne Arundel County, Maryland, and bearing Tax Account Numbers 01-000-00564250, 01-000-00561400, 01-000-00564260, 01-000-06631800, 01-000-00560000, 01-000-00562800, 01-000-06630400, 01-000-01667500, 01-000-04613700, 01-000-00562750, and 01-000-00560100 (collectively the "Bergmann Properties"), which are more particularly described in the tax map attached hereto and incorporated herein as Exhibit 1. The Bergmann Properties are also known as "Bergmannville", a family compound dating to 1927.

15. Plaintiffs are all extended family members. For close to 100 years, the Bergmann Properties have served as a family compound for Plaintiffs, their families, and their related predecessors in interest.

16. The Smithsonian has held fee simple title to Parcel 415 since April 29, 2008. Parcel 415 is described in detail in the deed attached hereto as Exhibit 2 (the "415 Parcel Deed"). Parcel 415 is contiguous to the Bergmann Properties.

17. The Smithsonian's predecessor in title to Parcel 415 is Lauraine Elizabeth Kirkpatrick-Howat, who held title to parcel 415 with her husband, Yvone Kirkpatrick-Howat, until his death on October 9, 2003, and then in her own name until transfer of the parcel to the Smithsonian (hereinafter collectively "415 Title Predecessors"). Prior to the Smithsonian's acquisition of Parcel 415, the Parcel 415 Title Predecessors ran Parcel 415 as a farm.

18. Contees Wharf Road is a public, County-owned road that runs from Maryland Route 468 to Parcel 415, crosses Parcel 415, and ends at the Rhode River, where the Bergmann Properties border the road on the Northeast side. Upon information and belief, the portion of Contees Wharf Road that crosses Parcel 415 was at all relevant times a road owned by Anne Arundel County, and remains owned by Anne Arundel County today.

19. Contees Wharf Road provides the only ingress and egress to the Bergmann Properties. Throughout the period of ownership of Plaintiffs and their related predecessors, they have used Contees Wharf Road to access the Bergmann Properties.

20. Plaintiffs and their predecessors in interest not only use Contees Wharf Road for ingress and egress to the Bergmann Properties, but they also park their vehicles on the roadway and just off the roadway on the North side of the roadway, starting at the Rhode River waterfront and extending back to a point to the Northwest where the road plateaus and narrows after a substantial rise, approximately 800 feet from the water ("Parking"). The owners of the Bergmann Properties, including their predecessors in title, have parked in this manner throughout the period of ownership totaling almost 100 years.

21. The right of access, including by implication the Parking, is also referenced in the 415 Parcel Deed as a "possible easement" benefitting the Bergmann Properties.

22. It is clear from the plats that the Bergmann Properties would be landlocked but for Contees Wharf Road, which has existed for over 100 years to the point in time when Contees Wharf was a commercial wharf.

23. Contees Wharf Road was a public road for most of the duration of the operation of Contees Wharf and for many years thereafter. A public road cannot be abandoned so as to landlock landowners. The right of access and Parking that is the subject of this Complaint, whether such rights are by prescription, express easement, easement by necessity, or public right of way, is hereby referred to as the "Easement".

24. Accordingly, when the Smithsonian took title to Parcel 415 on April 29, 2008, that conveyance was subject to the Easement which had already been acquired by Plaintiffs and their predecessors in interest over Contees Wharf Road for the purpose of ingress and egress and for Parking.

25. There exists a dispute between Plaintiffs and the Smithsonian with regard to the extent of Plaintiffs' Easement held in the 415 Parcel. More specifically, a dispute has arisen between Plaintiffs and the Smithsonian relating to Plaintiffs' use of Contees Wharf Road for Parking. While the Smithsonian has not yet cut off access to the Bergmann Properties or otherwise claimed that Plaintiffs do not have a right to cross the Easement, it has prevented Plaintiffs from Parking by putting up signs and chains along both sides of the road in the Parking area in 2019. The signs and chains also pose a safety hazard as they are installed on the edge of the gravel roadway, inhibiting the ability to turn around for emergency vehicles and service vehicles at the Bergmann Properties. Further, the Smithsonian has not maintained, nor has it

allowed the Plaintiffs to maintain, the easement consistent with the manner in which the County has previously maintained the roadway. Upon information and belief, the public right of way is twenty-eight feet (28') wide, and maintenance requirements include but are not limited to periodic grading and clearance of overgrowth and tree branches to allow vehicles to pass.

26. The Smithsonian has suffered no harm as the result of Plaintiffs' use of the Easement and will suffer no harm in the future as a result of Plaintiffs' continued use of the Easement.

## COUNT I
### Declaratory Judgment: Quiet Title
### (28 U.S.C.A. § 2409a)
### Right to Use Public Roadway

27. Plaintiffs reallege, reaver, and incorporate herein the allegations set forth in paragraphs 1 through 26 above.

28. At all relevant times, Contees Wharf Road was owned and remains owned by Anne Arundel County.

29. Contees Wharf Road was used not only by the Plaintiffs and their predecessors in title but also by commercial users who conducted commercial activities at Contees Wharf.

30. The roadway remains owned by Anne Arundel County, and therefore remains available for use by Plaintiffs in the same manner in which they have used the roadway throughout their ownership of the Bergmann Properties and the ownership of their predecessors going back almost 100 years.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court enter declaratory judgment in their favor and against the Defendants, Anne Arundel County, Maryland and the Smithsonian Institution, pursuant to its power to quiet title to property under 29 U.S.C.A. § 2409a, and that a judgment be rendered declaring the following:

  a. That Contees Wharf Road is owned by Anne Arundel County and is a twenty-eight foot (28') wide public right of way from Maryland Route 468 to the Rhode River;

  b. That Plaintiffs have the right to cross and use Contees Wharf Road for the purposes of access to the Bergmann Properties and for Parking;

  c. That Anne Arundel County shall maintain Contees Wharf Road consistent with County law across the full length of the road;

  d. That the signs and chains installed by the Smithsonian shall be removed;

  e. That Plaintiffs are awarded their costs of this litigation; and

  f. Such further relief as the Court deems just and appropriate to secure the rights claimed by Plaintiffs herein.

## COUNT II
### Declaratory Judgment: Quiet Title
### Defendant Smithsonian Institution
### (28 U.S.C.A. § 2409a)
### Express Easement

31. Plaintiffs reallege, reaver, and incorporate herein the allegations set forth in paragraphs 1 through 30 above.

32. The Smithsonian acquired all right, title, and interest in, and burdens then existing upon, the 415 Parcel on April 29, 2008 via the 415 Parcel Deed. The 415 Parcel Deed references the Easement over Contees Wharf Road benefitting the Bergmann Properties. *See* Exhibit 2.

33. The express language of the 415 Parcel Deed references the use and the benefitted properties, and the language confirms the pre-existing Easement, which includes the right to cross the Easement and the right to Parking, which has been within the scope of the easement since the first use of the Bergmann Properties by the Plaintiffs' predecessors in interest almost 100 years ago. The scope of the Easement established over almost 100 years of use includes the

full twenty-eight foot (28') wide right of way, right to maintain the Easement, and right to remove the signs and chains restricting the Easement.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court enter declaratory judgment in their favor and against the Defendant Smithsonian Institution, pursuant to its power to quiet title to property under 29 U.S.C.A. § 2409a, and that a judgment be rendered declaring the following:

a. That Plaintiffs are the beneficiaries of an express Easement for ingress and egress over the right of way commonly referred to as Contees Wharf Road;

b. That the Easement includes the right to Parking along the North side of the Easement from the end of the road at the Rhode River extending back 800 feet;

c. That the Plaintiffs shall have the right but not the obligation to maintain the Easement consistent with County law applicable to the width and clearance of public roads, so as to allow ingress, egress and turnaround of emergency vehicles, across the length of the road from the Rhode River to the paved portion of the roadway on Parcel 415, and provided further, that the Plaintiffs shall have the right but not the obligation to maintain the paved length of roadway Parcel 415 to the public road in the event that the current owner of Parcel 415 fails to do so;

d. That the signs and chains installed by the Smithsonian shall be removed;

e. That Plaintiffs are awarded their costs of this litigation; and

f. Such further relief as the Court deems just and appropriate to secure the rights claimed by Plaintiffs herein.

## COUNT III
### Declaratory Judgment: Quiet Title
### Defendant Smithsonian Institution
### (28 U.S.C.A. § 2409a)
### Prescriptive Easement

34. Plaintiffs reallege, reaver, and incorporate herein the allegations set forth in paragraphs 1 through 33 above.

35. Plaintiffs have the right to cross the Easement to access the Bergmann Properties. Plaintiffs and their predecessors in interest have used Contees Wharf Road openly, continuously, and in a manner hostile and adverse to the rights of the Smithsonian and the 415 Title Predecessors for a period of time in excess of twenty (20) years prior to the Smithsonian acquiring title interest in the 415 Parcel. Plaintiffs and their predecessors in interest acquired an Easement by prescription over Contees Wharf Road from the 415 Title Predecessors.

36. The scope of the Easement includes the right to Parking, as Plaintiffs and their predecessors in interest have used the Easement for access and Parking for close to 100 years. The scope of the Easement also includes the full twenty-eight foot (28') wide right of way, right to maintain the Easement, and right to remove the signs and chains restricting the Easement.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court enter declaratory judgment in their favor and against the Defendant Smithsonian Institution, pursuant to its power to quiet title to property under 29 U.S.C.A. § 2409a, and that a judgment be rendered declaring the following:

a. That Plaintiffs are the beneficiaries of an Easement by prescription for ingress and egress over the right of way commonly referred to as Contees Wharf Road;

b. That Plaintiffs are the beneficiaries of an Easement by prescription for Parking along the North side of the Easement from the end of the road at the Rhode River extending back approximately 800 feet;

c. That the Plaintiffs shall have the right but not the obligation to maintain the Easement consistent with County law applicable to the width and clearance of public roads, so as to allow ingress, egress and turnaround of emergency vehicles, across the length of the road from the Rhode River to the paved portion of the roadway on Parcel 415, and provided further, that the Plaintiffs shall have the right but not the obligation to maintain the paved length of roadway Parcel 415 to the public road in the event that the current owner of Parcel 415 fails to do so;

d. That the signs and chains installed by the Smithsonian shall be removed;

e. That Plaintiffs are awarded their costs of this litigation; and

f. Such further relief as the Court deems just and appropriate to secure the rights claimed by Plaintiffs herein.

### COUNT IV
### Declaratory Judgment: Quiet Title
### Defendant Smithsonian Institution
### (28 U.S.C.A. § 2409a)
### Easement by Necessity

37. Plaintiffs reallege, reaver, and incorporate herein the allegations set forth in paragraphs 1 through 36 above.

38. The Bergmann Properties would be landlocked but for Contees Wharf Road.

39. At all relevant times since the Plaintiffs' predecessors first purchased one of the properties almost 100 years ago, Contees Wharf Road has been used for both access and Parking.

The scope of the Easement also includes the full twenty-eight foot (28') wide right of way, right to maintain the Easement and right to remove the signs and chains restricting the Easement.

40. Plaintiffs are entitled to an easement by necessity.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court enter declaratory judgment in their favor and against the Defendant Smithsonian Institution, pursuant to its power to quiet title to property under 29 U.S.C.A. § 2409a, and that a judgment be rendered declaring the following:

a. That Plaintiffs are the beneficiaries of an Easement by necessity for ingress and egress over the right of way commonly referred to as Contees Wharf Road;

b. That Plaintiffs are the beneficiaries of an Easement by necessity for Parking along the North side of the Easement from the end of the road at the Rhode River extending back approximately 800 feet;

c. That the Plaintiffs shall have the right but not the obligation to maintain the Easement consistent with County law applicable to the width and clearance of public roads, so as to allow ingress, egress and turnaround of emergency vehicles, across the length of the road from the Rhode River to the paved portion of the roadway on Parcel 415, and provided further, that the Plaintiffs shall have the right but not the obligation to maintain the paved length of roadway Parcel 415 to the public road in the event that the current owner of Parcel 415 fails to do so;

d. That the signs and chains installed by the Smithsonian shall be removed;

e. That Plaintiffs are awarded their costs of this litigation; and

f. Such further relief as the Court deems just and appropriate to secure the rights claimed by Plaintiffs herein.

Respectfully submitted by:

04/27/2020
Date

/s/Kevin M. Tracy, Esq.
Kevin M. Tracy, Esq., Fed. Bar No. 14025

/s/Gregory R. Hislop, Esq.
Gregory R. Hislop, Esq., Fed. Bar No. 17469

(signed by Kevin M. Tracy, Esq. with permission of Gregory R. Hislop, Esq.)

McNamee, Hosea, Jernigan, Kim,
  Greenan & Lynch, P.A.
888 Bestgate Road, Suite 402
Annapolis, MD 21401
(410) 266-9909 Telephone
(410) 266-8425 Facsimile
ktracy@mhlawyers.com
ghislop@mhlawyers.com

*Counsel for Plaintiffs*