IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES R. BERGMANN, TRUSTEE, et al., | * |
| | * |
| Plaintiffs, | |
| | * |
| v. | Civil Action No. GLR-20-1080 |
| | * |
| THE SMITHSONIAN INSTITUTION, et al., | * |
| | |
| Defendants. | * |

***

### MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Anne Arundel County, Maryland's (the "County") Motion to Dismiss and/or for Summary Judgment (ECF No. 5). The Motions is ripe for review, and no hearing is needed. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny the Motion, which it construes as a motion to dismiss.

### I. BACKGROUND

Plaintiffs[1] in this case are the fee simple owners of several adjoining parcels of real property located on or near the shoreline of the Rhode River in Edgewater, Maryland,

---

[1] James R. Bergmann, Trustee; Ferdinand H. Bergmann; Carl K. Bergmann; Lucy A. Bergmann; Everett A. Bergmann, Jr., Trustee; Carl K. Bergmann, Trustee; George Riggin, Trustee; Lawrence E. Laubscher, Trustee; Minette Prigg McCullough, Trustee; George Blake, Trustee; Joseph Timothy Cook, Trustee; EAB Cottage LLC; George Blake, Trustee; Timothy Taylor Prigg, Trustee; Amanda Prigg Bolgiano, Trustee; Minette McCullough Blandon, Trustee; Charles William McCullough, Trustee; William Paul Brandon Frazier; Judy Lane; Kyra Cook; Carol McGreer; Tiffany Martin; Kiersten McGreer; Lawrence E. Laubscher, Trustee; Everett A. Bergmann; George Pearson Bergmann; Minette Ann McCullough; William B. Prigg, Jr.; Carl B. Prigg; Helena C.

identified as Tax Parcels 130 through 138, 198, and 364 (collectively, the "Bergmann Properties"). (Compl. ¶ 14, ECF No. 1). The Bergmann Properties are situated to the northeast of the right-of-way line of Contees Wharf Road, which begins at the junction of Maryland Route 468 and ends at the waterfront of the Rhode River. (Id. ¶¶ 14, 18). Plaintiffs and their predecessors in title have owned and used the Bergmann Properties as a family compound for nearly 100 years. (Id. ¶ 15). During that time, Plaintiffs and their predecessors parked their vehicles alongside a portion of Contees Wharf Road that extends from a point located approximately 800 feet from the water, where the road starts to plateau and narrow, to the shore of the Rhode River (the "Parking Area"). (Id. ¶ 20). Additionally, because Contees Wharf Road provides the only ingress and egress to the Bergmann Properties, Plaintiffs and their predecessors have used Contees Wharf Road to access the Properties throughout the entire period of ownership. (Id. ¶ 19).

In 2008, the parcel of real property to the southwest of the right-of-way line of Contees Wharf Road, known as parcel 415, was conveyed to Defendant The Smithsonian Institute (the "Smithsonian") by Lauraine Elizabeth Kirkpatrick-Howat. (Id. ¶ 17). The deed references a "possible easement" for right of access to the Bergmann Properties. (Id. ¶ 21). Plaintiffs therefore assert that, at the time the Smithsonian took title to parcel 415, Plaintiffs held an easement over the portion of Contees Wharf Road located on the parcel for the purpose of egress and ingress to the Bergmann Properties and use of the Parking Area. (Id. ¶ 24).

---

Travers; William T. Cook; Joseph P. Cook; June O. Laubscher; Louise W. Bergmann; Harry P. Bergmann; and William F. Bergmann.

In 2019, a dispute arose between Plaintiffs and the Smithsonian regarding the extent of Plaintiffs' easement on parcel 415. (Id. ¶ 25). Around this time, the Smithsonian began restricting Plaintiffs' ability to use the Parking Area by installing signs and chains along Contees Wharf Road. (Id.). The Smithsonian has not, however, cut off access to the Bergmann Properties or otherwise claimed that Plaintiffs do not have a right to cross the easement. (Id.).

According to Plaintiffs, the portion of Contees Wharf Road that crosses Parcel 415 has at all relevant times been owned by the County. (Id. ¶ 18). Plaintiffs assert that a public road cannot be abandoned so as to landlock private landowners. (Id. ¶ 23). Plaintiffs also contend that the Smithsonian has not maintained or allowed Plaintiffs to maintain the easement consistent with the manner in which the County previously maintained the roadway. (Id. ¶ 25).

On April 27, 2020, Plaintiffs filed a four-count quiet title action against the Smithsonian and the County. (ECF No. 1). Plaintiffs seek a declaratory judgment that the relevant portion of Contees Wharf Road was and is owned by the County and therefore must be maintained by the County and remain available to Plaintiffs for access to the Bergmann Properties and use of the Parking Area. (Compl. ¶¶ 27–30). The Complaint also seeks a declaration that Plaintiffs possess an express easement, prescriptive easement, or easement by necessity over the portion of Contees Wharf Road that crosses parcel 415. (Id. ¶¶ 31–40).

The County filed its Motion to Dismiss and/or for Summary Judgment on June 29, 2020. (ECF No. 5). Plaintiffs filed their Opposition on July 14, 2020. (ECF No. 6). The

County filed a Reply on August 3, 2020. (ECF No. 12). Separately, the Smithsonian filed an Answer to the Complaint on September 23, 2020. (ECF No. 16).

## II.     DISCUSSION

### A.     Conversion

The County's Motion is styled as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. A motion styled in this manner implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters

outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005) (citing Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998)).

Ordinarily, summary judgment is inappropriate when "the parties have not had an opportunity for reasonable discovery." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Yet, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). To raise sufficiently the issue that more discovery is needed, the non-movant must typically file an affidavit or declaration under Rule 56(d), explaining the "specified reasons" why "it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d).

"The Fourth Circuit places 'great weight' on the affidavit requirement." Nautilus Ins. Co. v. REMAC Am., Inc., 956 F.Supp.2d 674, 683 (D.Md. 2013) (quoting Evans, 80 F.3d at 961). However, non-compliance may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary." Harrods, 302 F.3d at 244. Courts place greater weight on the need for discovery "when the relevant facts are exclusively in the control of the opposing party," such as "complex factual questions about intent and motive." Id. (quoting 10B Wright,

5

Miller & Kane, Federal Practice & Procedure § 2741, at 419 (3d ed. 1998)) (internal quotation marks omitted). Nonetheless, a Rule 56(d) affidavit is inadequate if it simply demands "discovery for the sake of discovery." Hamilton v. Mayor of Balt., 807 F.Supp.2d 331, 342 (D.Md. 2011) (citation omitted). A Rule 56(d) request for discovery is properly denied when "the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006) (quoting Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 953 (4th Cir. 1995)).

The parties here have submitted extra-pleading material for the Court's consideration. In support of its Motion, the County submits the affidavits of Blake Lightcap, Chief of the Infrastructure Management Division of the County's Department of Public Works, and Pamela Groves, senior paralegal with the County's Office of Law. (See ECF Nos. 5-2, 12-1). Lightcap and Groves aver that, despite detailed searches of land records, there is no evidence that the County owns the section of Contees Wharf Road at issue in this litigation. The County thus contends that Plaintiffs' claims must fail as a matter of law.

For their part, Plaintiffs provide several deeds and other property records along with their Opposition. (See ECF Nos. 6-1–6-7). Plaintiffs note that these property records repeatedly refer to Contees Wharf Road as a "public" or "county" road, suggesting that the road was at one time owned by the County or otherwise considered to be a public right-of-way. Further, although Plaintiffs did not submit a Rule 56(d) affidavit expressing a need for discovery, they contend in their Opposition that discovery is necessary "to determine

not only whether the County lacks documentary evidence regarding ownership of Contees Wharf Road, but also whether circumstantial evidence exists demonstrating the County's control of the roadway[,] such as maintenance, repairs, and other acts demonstrating its use as a public right of way." (Pls.' Mem. Opp'n Def.'s Mot. Dismiss and/or Summ. J. ["Opp'n"] at 5–6, ECF No. 6).

From the evidence presented thus far, it appears that the materials sought by Plaintiffs could create a genuine dispute of material fact regarding whether Contees Wharf Road is a public roadway. The Court thus agrees that Plaintiffs should have the opportunity to explore, at the very least, whether there is any circumstantial evidence supporting their assertion that the relevant portion of Contees Wharf Road is a public roadway. For these reasons, summary judgment is inappropriate at this time. As such, the Court declines to consider the extra-pleading materials presented by the parties, and the Court will construe the County's Motion as a motion to dismiss.

**B.**     **Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

**C.**      **Analysis**

The County contends that Plaintiffs fail to state a claim because, aside from the conclusory assertion that Contees Wharf Road is owned by the County, the Complaint provides no facts demonstrating the County's ownership. Plaintiffs respond that they adequately allege Contees Wharf Road is a public road and, as such, should be afforded the opportunity to seek discovery on the issue. The Court agrees with Plaintiffs.

Plaintiffs contend they should be permitted to use the Parking Area in the same manner as their predecessors because the entire length of Contees Wharf Road is a public right-of-way. (Compl. ¶ 30). In support of this assertion, Plaintiffs allege that Contees Wharf Road was a "public road" during the time that Contees Wharf was operated as a commercial wharf. (Id. ¶¶ 22, 23). Plaintiffs also allege that "Contees Wharf Road was used not only by the Plaintiffs and their predecessors in title but also by commercial users who conducted commercial activities at Contees Wharf." (Id. ¶ 29). Finally, Plaintiffs suggest that the County "previously maintained the roadway" and corresponding right-of-way at some point in time. (See id. ¶ 25).

Importantly, "[i]t is certainly a settled doctrine in [Maryland] that public roads or ways of any kind can be established by public authority, or by dedication, or by long use[] by the public." Mt. Sinai Nursing Home, Inc. v. Pleasant Manor, 253 A.2d 915, 916 (Md. 1969) (emphasis added) (quoting Thomas v. Ford, 63 Md. 346, 352 (1885)). Consistent with this principle, the Maryland Court of Appeals has previously found that a private farm road had been converted to a public road where members of the public used the roadway without permission from the adjacent landowners for a period of greater than twenty years. See Garrett v. Gray, 266 A.2d 21, 24–25, 28 (Md. 1970).

Because Plaintiffs allege that members of the public formerly used Contees Wharf Road to access a commercial wharf, the Court finds that Plaintiffs have adequately pleaded

their claim that the roadway could be considered a public road by virtue of long-term public use.[2] Accordingly, the Court will allow Plaintiffs' claim against the County to proceed.

### III.   CONCLUSION

For the foregoing reasons, the County's Motion to Dismiss and/or for Summary Judgment (ECF No. 5), which the Court construes as a motion to dismiss, will be denied. A separate Order follows.

Entered this 22nd day of March, 2021.

/s/
George L. Russell, III
United States District Judge

---

[2] On this note, although the County avers that it has not identified any deed or other instrument transferring the relevant portion of Contees Wharf Road to the County, the lack of any land records affirming the County's ownership is not dispositive as to the issue of whether the roadway may be considered a public road.